UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HICA EDUCATION LOAN
CORPORATION,

                Plaintiff,

  -against-                                    7:11-CV-0595 (LEK/TWD)

NANCY A. GIRARD,

                Defendant.

**DECISION and ORDER**

**I.    INTRODUCTION**

On May 27, 2011, Plaintiff HICA Education Loan Corporation ("Plaintiff") commenced this action alleging that Defendant Nancy Girard ("Defendant") defaulted on five separate promissory notes executed between 1981 and 1984. Dkt. No. 1 ("Complaint"). Currently before the Court is Plaintiff's Motion for entry of a default judgment brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. No. 7 ("Motion").

**II.    BACKGROUND**

Plaintiff is a corporation organized under the laws of South Dakota with its principal place of business in Sioux Falls, South Dakota. Compl. ¶ 1. Defendant is an individual and resident of Wellesley Island, New York. Id. ¶ 2. The Complaint alleges that Defendant executed five separate promissory notes, each payable to the BayBank Norfolk County Trust Company ("BayBank") of Dedham, Massachusetts. Id. ¶¶ 5-19. On or about August 10, 1981, Defendant signed a promissory note payable to BayBank in the original principal amount of $10,000.00 ("Note 1"). Id. ¶ 5. On or about March 5, 1982, Defendant signed a promissory note payable to BayBank in the original

principal amount of $1,755.00 ("Note 2"). Id. ¶ 8. On or about August 23, 1982, Defendant signed a promissory note payable to BayBank in the original principal amount of $15,000.00 ("Note 3"). Id. ¶ 11. On or about June 27, 1983, Defendant signed a promissory note payable to BayBank in the original principal amount of $15,000.00 ("Note 4"). Id. ¶ 14. On or about October 2, 1984, Defendant signed a promissory note payable to BayBank in the original principal amount of $12,585.00 ("Note 5"). Id. ¶ 17.

All five notes were executed pursuant to 42 U.S.C. §§ 294 *et seq*. and the federal regulations set forth in 42 C.F.R. Part 60 governing the administration of the Health Education Assistance Loan ("HEAL") Program. Compl. ¶¶ 6, 9, 12, 15, 18. Plaintiff alleges that it is the owner and/or holder of all five notes and is therefore entitled to receive all monies and sums due under its terms. Id. ¶¶ 7, 10, 13, 16, 19. Plaintiff further alleges that Defendant has failed to make the payments due and owing under the terms of each of the notes, and as a result is in default under all five notes. Id. ¶¶ 21-22.

In the present action, Plaintiff was personally served with a Summons on June 13, 2011. See Dkt. No. 4. Plaintiff did not file an answer to the Complaint, and on August 12, 2011, Defendant filed a Request for an entry of default. Dkt. No. 5. On August 15, 2011, the Clerk of the Court filed an Entry of default against Defendant. Dkt. No. 6. On October 27, 2011, Plaintiff filed the Motion for default judgment that is presently before the Court, seeking damages for unpaid principal and interest totaling $11,501.47. See Declaration of Robin Zimmerman (Dkt. No. 7-2) ("Zimmerman Declaration") ¶¶ 2-6. The total amounts of unpaid principal and unpaid interest by note are as follows:

|         | Unpaid Principal | Unpaid Interest | Total       |
|---------|------------------|-----------------|-------------|
| Note 1  | $3,089.85        | $252.42         | $3,342.27   |
| Note 2  | $302.82          | $24.67          | $327.49     |
| Note 3  | $2,551.36        | $208.44         | $2,759.8    |
| Note 4  | $2,551.36        | $208.44         | $2,759.8    |
| Note 5  | $2,137.54        | $174.57         | $2,312.11   |
| Total:  | $10,632.93       | $868.54         | $11,501.47  |

Id.  Plaintiff additionally seeks pre- and post-judgment interest dating from August 8, 2011 and calculated pursuant to the contract in the amount of $1.04 per day.[1]

## III.  DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'"  United States v. Simmons, No. 5:10-CV-1272, 2012 WL 685498, at *2 (N.D.N.Y.  Mar. 2, 2012) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).  "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default."  Id. (internal quotation marks omitted); see also FED. R. CIV. P. 55(a).  "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'"  Simmons, 2012 WL 685498, at *2 (quotation omitted).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability."  Bravado Intern. Group Merchandising Services, Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound

---

[1] This amount includes $0.30/day for Note 1; $0.03/day for Note 2; $0.25/day for Note 3; $0.25/day for Note 4; and $0.21/day for Note 5.

Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); see also Bravado Intern., 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Intern., 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190 (quotation omitted).

The moving party also must include an affidavit setting forth that: (1) the responding party is not an infant, incompetent, or in the military service; (2) the responding party has defaulted in appearance in the action; (3) service was properly effected under Rule 4 of the Federal Rules of Civil Procedure; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. See N.D.N.Y.L.R. 55.2(a).

Here, Plaintiff has satisfied the procedural requirements of Federal Rule 55 and Local Rule 55.2. To satisfy Local Rule 55.2(b), Plaintiff accompanied its Motion with a Certificate of entry of default entered by the Clerk on August 15, 2011 and a proposed form of default judgment. See Mot. Plaintiff has also submitted declarations setting forth the following facts to satisfy Local Rule 55.2(a): (1) Defendant is not an infant, incompetent, or in the military; (2) Defendant failed to appear in this action; (3) Defendant was properly served with the Summons and Complaint; and (4)

Defendant failed to make payments on the loans.  See generally Mot.

In the present matter, Plaintiff has established, through its Complaint, that it is entitled to judgment in its favor as to liability.  Further, Defendant's default serves as an admission of all well-pleaded allegations in the Complaint.  See Volkswagen A.G. v. V.W. Parts, Inc., No. 08-CV-820, 2009 WL 1045995, at *1 (N.D.N.Y. Apr. 20, 2009).  However, the default does not serve as an admission of damages.  See id.  While a plaintiff usually bears the burden of establishing damages in an evidentiary proceeding, if the damages are susceptible to mathematical computation or the amount is liquidated, a court need not conduct an evidentiary proceeding because there is a basis for calculating the damages.  See id.; U.S. v. Williams, No. 12-CV-0124, 2012 WL 1977969, at *2 (N.D.N.Y. June 01, 2012).  Here, no evidentiary proceeding is necessary.  See Williams, 2012 WL 1977969, at *2.  The materials submitted with the Complaint, together with the Zimmerman Declaration submitted in support of the Motion for default judgment, are sufficient to establish damages on the promissory notes because the principal and interest owed on each of the notes are susceptible to mathematical computation.  Accordingly, the Court awards Plaintiff damages in the amount of $10,632.93 for unpaid principal and $868.54 for unpaid interest calculated through August 8, 2011.  The Court also awards $379.60 for pre-judgment interest, calculated at the rate of $1.04 per day for the 365 days[2] between August 9, 2011 and the date of this judgment.  Finally, the Court awards post-judgment interest calculated pursuant to 28 U.S.C. § 1961.[3]

---

[2] This Decision and Order was signed and docketed on August 7, 2012.  As 2012 was a leap year, interest accrued for 365 days between August 9, 2011 and August 7, 2012.

[3] Plaintiff requests continuing post-judgment interest of $1.04 per day on the basis that this amount is calculated pursuant to the "annual percentage rate" set in each of the promissory notes.  Compl. ¶¶ 27, 29, 31, 33, 35; Zimmerman Decl. ¶¶ 2-6.  However, 28 U.S.C. § 1961 sets out the general rule for calculating interest awarded pursuant to a federal judgment.  Although "parties may

**IV.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 7) is **GRANTED**, consistent with this Decision and Order, and it is further

**ORDERED**, that the Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendant in the sum of $11,881.07,[4] plus post-judgment interest calculated pursuant to 28 U.S.C. § 1961; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     August 7, 2012
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

by contract set a post-judgment rate at which interest shall be payable," in order to override the statutory interest rate the contract "must actually indicate the parties' intent to deviate from § 1961." See Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 101, 102 (2d Cir. 2004).  Here, the annual percentage rates cited by Plaintiffs are the general rates at which interest accrues as dictated by each promissory note.  Plaintiff does not allege in either the Complaint or the Motion that the promissory notes in question explicitly provided for *post-judgment* interest to be calculated at the contractual rate rather than the statutory rate.  Accordingly, the Court awards post-judgment interest to be calculated pursuant to 28 U.S.C. § 1961.

[4]  This figure represents the sum of $10,632.93 for unpaid principal, $868.54 for unpaid interest calculated through August 8, 2011, and $379.60 for additional pre-judgment interest calculated at a rate of $1.04 per day through the date of this Decision and Order.